[No. 37098. Department One. July 30, 1964.]

BRIAN C. LARSON, *Appellant,* v. MAL'S ELECTRIC COMPANY, INC. *et al., Respondents.\**

*Torbenson, Thatcher & Stevenson,* by *Robert Stevenson,* for appellant.

*Bruce Maines* and *William R. Lanthorn,* for respondents.

HUNTER, J.—Brian C. Larson, plaintiff (appellant), through his guardian ad litem, brought this action for injuries sustained when he lost control of his motor scooter as he was crossing the steel grating area of the University Bridge in Seattle, at 12:15 p.m. on July 1, 1961. He was struck by a following panel truck owned by the defendant (respondent) Mal's Electric Company, Inc. The driver of the truck, Larry Gevaart, was also joined as a defendant (respondent) in this action. The defendant driver will hereinafter be considered as the sole defendant.

The jury returned a verdict for the defendant, and the plaintiff appeals.

The sole issue in this case is the question of plaintiff's contributory negligence. The plaintiff contends there is not substantial evidence in the record from which his contribu-

*Reported in 394 P. (2d) 695.

tory negligence can reasonably be inferred, and the trial court therefore erred in submitting this issue to the jury. In considering this contention, we must view the evidence most favorable to the defendant. *DeYoung v. Campbell,* 51 Wn. (2d) 11, 315 P. (2d) 629 (1957).

There had been little or no rain in Seattle for a month prior to the accident. However, shortly before noon on the day of the accident, it had commenced to rain and the grating on the bridge was very slippery. The plaintiff (18 years of age at the time of the accident), had owned his motor scooter for 3 months, and had ridden motor scooters belonging to friends before he purchased his own. The evidence as to the plaintiff's operation of the motor scooter just prior to the accident is in dispute, but the jury could have found the following:

The plaintiff was either behind or beside the defendant at a stoplight, 2 blocks south of the bridge. They were both traveling in a northerly direction toward the bridge. The defendant first noticed the plaintiff when he was 7 car lengths from the bridge grating, at which time the plaintiff was passing him in the lane to the defendant's right. Just before entering the grating, the plaintiff abruptly changed lanes into a position approximately 1 car length in front of the defendant. The plaintiff was decreasing his speed, but had pulled approximately 4 car lengths ahead of the truck when, about one-fourth of the way across the grating of the bridge, the plaintiff began to swerve or "fishtail." This swerving stopped before he reached the center of the grating. When he was about three-fourths of the way across the grating, he again swerved, the scooter tipped on its left side, and the plaintiff fell to the grating blocking the defendant's lane of travel. The truck struck the plaintiff, inflicting serious personal injuries.

At the time the plaintiff passed the truck, the defendant's speed was approximately 25 miles per hour; the posted speed was 30 miles per hour. The plaintiff testified that he had decreased his speed to approximately 20 miles per hour when he reached the grating. There was expert testimony that the two-wheeled scooter would tend to go in a

straight line unless it was given gas, or the brake was applied; and the slower the speed, the more difficult it would be to balance such a vehicle on this grating. The plaintiff knew of the dangerous condition on the grating.

Under the rules of the road, the plaintiff was charged with the duty of operating his motor scooter in a reasonably prudent manner under all the conditions and circumstances. From the foregoing evidence, the jury was entitled to believe that the plaintiff, when he passed and swerved in front of the truck, was going at a speed substantially faster than that of the defendant, and that he was exceeding the speed limit. The plaintiff created a condition by this negligent operation of his vehicle where it was necessary for him to decrease his speed as he entered the slippery grating, and, as a reasonably prudent driver under the circumstances, he should have proceeded onto and across the grating at a constant and sufficient speed to maintain the stability of the scooter. The jury was entitled to conclude that he negligently failed to maintain control of his vehicle, which proximately contributed to the accident.

The trial court did not err in submitting to the jury the issue of the plaintiff's contributory negligence. The judgment for the defendant entered upon the jury verdict is affirmed.

HILL, ROSELLINI, and HALE, JJ., and CUSHING, J. Pro Tem., concur.